UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY DOCKET UNIT

2010 MAY 19 ₱ 3: 25

-------------------------------------------------------------------X

RAMAN KUMAR

                           Plaintiff,

            -against-

NEW YORK CITY SCHOOL
CONSTRUCTION AUTHORITY,
NEW YORK CITY DEPARTMENT OF EDUCATION,
NARENDA PATEL, individually
and SASSAN TOUSSI

                     Defendants.

-------------------------------------------------------------------X

**AMENDED**
**COMPLAINT**

10 –CV–03559 (KPC) (FM)

Jury Trial Demanded

Plaintiff, Raman Kumar ("Kumar" or "Plaintiff"), by and through his attorneys, The Law Office of Borrelli & Associates P.L.L.C., complaining of the New York City School Construction Authority ("SCA"), New York City Department of Education ("DOE"), NARENDA PATEL and SASSAN TOUSSI ("Toussi") respectfully alleges, upon knowledge as to himself and his own actions and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1.   This is a civil action seeking monetary damages based upon Defendants' violation of the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States of America; Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); the New York State Human Rights Law, Executive Law Sections 290, et seq. ("NYSHRL"); Title 8 of the Administrative Code of the City of New York ("NYCHRL"), intentional infliction of emotional

distress, and any other cause(s) of action that can be inferred from the facts set forth herein.

2. During his employment with Defendant SCA, Plaintiff was subjected to discrimination and harassment on the basis of his national origin and age, was denied due process guaranteed under the United States Constitution, the New York State Civil Service Law as well as the Rules for the Classified Civil Service of the New York City School Construction Authority ("Rules"), and was victim to a severe hostile work environment.

3. Defendants' actions were unlawful and done with reckless indifference to Plaintiff's rights. Plaintiff brings this action for injunctive and declaratory relief, back pay, front pay, compensatory damages, punitive damages, attorneys' fees, and other appropriate equitable and legal relief.

## CONDITIONS PRECEDENT

4. Plaintiff filed a "Charge of Discrimination" against the SCA based on national origin discrimination with the Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No,: 520-2010-00985 on January 4, 2010.

5. On April 1, 2010, the EEOC furnished Plaintiff with a "Right to Sue Letter" for the above-referenced charge, and Plaintiff received that letter approximately three (3) days later, on or about April 4, 2010.

## PARTIES

6. At all times hereinafter mentioned, Plaintiff, was and still is a resident of the State of New York, County of Queens.

7. Plaintiff is a 63 year-old Indian male, originating from the Eastern Indian state of Bihar.

8. Plaintiff, at all times material herein, was an "employee" entitled to protection within the meanings of Title VII pursuant to 42 U.S.C. 2000e § 701(f).

9. Plaintiff, at all times material herein, is a "person" entitled to protection within the meanings of the NYSHRL under § 292(1); and the NYCHRL under § 8-102(1).

10. At all times hereinafter mentioned, Defendant SCA, an agent of the DOE, is a domestic corporation duly organized and existing under the laws of the State of New York, with a principal place of business located at 30-30 Thomas Avenue, Long Island City, New York 11101.

11. At all times hereinafter mentioned, Defendant SCA is an employer within the meaning Title VII, the NYSHRL and a person within the meaning of the NYCHRL.

12. At all times hereinafter mentioned, Defendant DOE was and still is a department and/or office, agent, or entity of New York City.

13. At all times hereinafter mentioned, Defendant DOE is an employer within the meaning of Title VII, the NYSHRL and a person within the meaning of the NYCHRL.

14. At all relevant times hereinafter mentioned, Defendant Toussi was and still is an employee of the SCA, who is employed in the position of Managing Engineer B of Studio 3. Toussi, at all relevant times herein was Defendant Narenda Patel's direct supervisor.

3

15. At all relevant times herein, Toussi aided, abetted, incited, controlled and/or coerced the acts against Plaintiff in violation of the NYSHRL and NYCHRL.

16. At all relevant times hereinafter mentioned, Defendant Narenda Patel was and still is an employee employed as a Managing Engineer B for the Defendant SCA. Narenda Patel, at all relevant times herein was Plaintiff's direct supervisor.

17. At all relevant times herein, Narenda Patel aided, abetted, incited, controlled and/or coerced the acts against Plaintiff in violation of the NYSHRL and NYCHRL.

### FACTUAL ALLEGATIONS

18. While acting under color of law and by way of authority and power granted to them by the State of New York, the Defendants, their agents, officers, servants and/or employees, engaged in unlawful and illegal conduct as described fully below.

19. On or about July 1999, Plaintiff was licensed by New York State as a Professional Engineer.

20. On or about March 1999, Plaintiff joined the New York City Department of Design & Construction ("DDC") as an Associate Project Manager, which is a civil service title.  In order to obtain this position, Plaintiff passed a civil service exam and was subsequently interviewed by DDC.  Plaintiff received three (3) satisfactory performance reviews during his employment at DDC.

21. On or about April 2001, Plaintiff transferred from the DDC to the New York City Housing Authority ("CHA") and worked as a Civil Service Engineer II until September 2007.

22. On or about August 1, 2007, Plaintiff was interviewed for SCA Civil Service Engineer B position. Civil Service Engineer B was a similar rank to Civil Service Engineer II of the CHA. Plaintiff's reason for applying for the SCA Civil Service Engineer B position was a pay increase.

23. Upon hire and during the course of his employment with the SCA, Plaintiff was the only employee at SCA from the Eastern Region of India.

24. During the tenure of Plaintiff's employment, Toussi and Narenda Patel, who both at all times hereinafter mentioned and at all times relevant to the within claim were acting under color of law as agents of SCA and/or the DOE with authority given them by the SCA and/or DOE, subjected Plaintiff to disparate treatment because of Plaintiff's age and/or national origin.

25. During the tenure of Plaintiff's employment, Toussi and Narenda Patel, who both at all times hereinafter mentioned and at all times relevant to the within claim were acting under color of law as agents of SCA and/or the DOE with authority given them by the SCA and/or DOE, created a hostile work environment for Plaintiff.

26. During and at the culmination of his employment, SCA and/or the DOE by and through Narenda Patel and Toussi, who were acting under the color of law as agents of the SCA and/or DOE with authority given them by the SCA and/or DOE, denied Plaintiff his Due Process Rights by arbitrarily and in contravention to existing law and Rules extending his probationary employment period after he had already become a permanent employee. This illegal extension eventually lead

to his termination without a hearing due him under Section 75 of the New York State Civil Service Law and/or the Rules.

<em><u>Plaintiff's Claim of Age Discrimination</u></em>

27.  Only weeks after joining SCA, on or about October 2007, Toussi called Plaintiff into his office and made discriminatory comments about his age by degrading Plaintiff, telling him he walked like a person without energy and that Plaintiff did not fit into the department.  Toussi implored Plaintiff to apply for retirement.

28.  During his tenure at SCA, Toussi on at least a weekly basis referred negatively to Plaintiff's age, insisting that he retire, stating that he was too old and slow to keep up with the pace of younger designers.

29.  On or about September 25, 2007, Plaintiff was given a design assignment for FDR High School in Brooklyn.  On or about January 24, 2008, Toussi removed Plaintiff from working on the FDR design.  Plaintiff had completed about 75% of the project and had not breached his deadline.  Toussi subsequently replaced Plaintiff's name on the design plans with that of Narenda Patel.

30.  On or about October 2007, Toussi called Plaintiff into his office; Toussi asked Plaintiff how long he had worked in the "system" and asked Plaintiff how much pension he would receive if he retired early while encouraging him to retire.

31.  On or about November 6, 2007, Toussi told Plaintiff's coworker, Narsi Patel, an Indian male from the Western Indian state of Gujarat, to encourage Plaintiff to leave the department and return to CHA.

32.  On or about January 15, 2008, Plaintiff received his first Employee Performance Evaluation ("EPE") from Toussi for the September 17, 2007 to December 17, 2007 period.  According to policy and practice, said EPE should have been

administered by Plaintiff's direct supervisor Narenda Patel and approved by Toussi, however, Toussi administered the EPE. Toussi vindictively graded Plaintiff with an overall rating of "needs improvement." Toussi overlooked Plaintiff's recent aforementioned achievements and broke SCA policy by giving Plaintiff the evaluation without having the evaluation reviewed and signed by Narenda Patel.

33. During the course of his employment at the SCA, Plaintiff was given less work/ less desirable work than his younger similarly situated employees. At the end of 2007, early 2008, Plaintiff noticed this fact and raised it with Toussi on or about February 5, 2008.

34. On or about February 5, 2008, Plaintiff told Toussi that he was frustrated that he was not receiving any assignments. Toussi promised to give Plaintiff more work.

35. On or about February 25, 2009, Narenda Patel asked Plaintiff if he had yet completed 10 years of service in Civil Service and indicated his anxiousness for Plaintiff to retire.

36. On or about May 23, 2008, Toussi asked Plaintiff if he would "take a demotion." Plaintiff responded that he would not.

37. On or about August 20, 2008 and again on August 26, 2008, Toussi implored Plaintiff to retire.

38. On or about March 12, 2009, Toussi ordered Plaintiff to get details on the New York City Retirement System ("NYCRS") at the NYCRS office so that Plaintiff could retire.

*Plaintiff's Claim of National Origin Discrimination*

39.  Plaintiff is from the Eastern Indian State of Bihar. His superior Narenda Patel, being from the Western state of Gujarat, engaged in discriminatory action against Plaintiff due to his being from a conflicting region of their respective homelands. Narenda Patel and Narsi Patel, Plaintiff's co-worker, were both from the same region and from the same state of Gujarat.

40.  On or about November 6, 2007, Toussi asked Narsi Patel to suggest to Plaintiff that he leave SCA and return to CHA.

41.  On or about January 9, 2008, Plaintiff completed a design project for Public School 24, in the Bronx. The design was accepted by the SCA.

42.  On or about January 15, 2008, Plaintiff was given an EPE. Narenda Patel, despite being required to conduct said evaluation, allowed Toussi to conduct the evaluation in order to give Plaintiff a negative rating.

43.  On or about January 30, 2008, Plaintiff wrote a rebuttal to his performance evaluation covering the period of September 17, 2007 to December, 2007 to the SCA. Plaintiff also sent a copy to his Union, Chapter 5 of the Local 375, DC-37 ("Local 375"), President Mr. Zygy (Zygy"). Plaintiff did not receive a response to his rebuttal.

44.  On or about February 11, 2008, Toussi called Plaintiff into his office and implied that it was a mistake to send a rebuttal to the SCA, stating in sum and substance to Plaintiff that "You have challenged SCA, we will see you."

45.  On or about February 27, 2008, Plaintiff was called into a meeting between Zygy, Toussi, Narenda, and Plaintiff. Toussi stated that Plaintiff would get a similar

performance review to those which he had previously received. Zygy requested that Plaintiff receive more work.

46. On or about March 10, 2008, Toussi requested that Plaintiff work in Studio-1 with another Design Manager, Roman Goik ("Goik"), a white male in his mid-50's. Toussi subsequently told Plaintiff to finish all the necessary work at Studio – 3. On or about March 10, 2008 through May 13, 2008, Plaintiff worked in Studio -1 and also assisted in Studio – 3, when assistance was required by Narenda Patel. This demonstrated that Plaintiff, at the end of his probationary period had been a hard working employee.

47. On or about June 6, 2008, on his EPE, Narenda Patel omitted the fact that Plaintiff had completed his project work and he gave Plaintiff an overall rating of "needs improvement" on his EPE for the period of December 17, 2007 through March, 2008. Narenda Patel downgraded Plaintiff's performance without legitimate reason.

48. On or about June 11, 2008, Plaintiff made a request to Narenda Patel to assign Plaintiff more work. Plaintiff made two (2) more similar requests on July 8, 2008 and July 14, 2008.

49. On or about December 11, 2008, Narenda Patel asked Plaintiff to not work on the assignment for Columbus High School in the Bronx, instead giving Plaintiff's completed designs to Narsi Patel.

50. On December 19, 2008, Plaintiff made a formal complaint to Louise Nicolazzi-Shapiro ("Shapiro"), the Senior Director of Human Resources & Organizational Development concerning the unfairness of his performance evaluations,

defending his work ethic and compliance with all tasks that had been assigned to him.

51. On or about January 24, 2009, Plaintiff signed, sealed, and submitted drawings, as Lead Engineer for Public School 224.

52. On or about February 18, 2009, the Vice President of SCA sent Plaintiff Congratulations for Plaintiff's determination and hard work for completion of 100% of his projects in December 2008. Out of 20 employees from Studio's one (1), two (2) ,and three (3) only 11 were given a rating of 100%, Plaintiff was one of these employees. Nonetheless, Plaintiff was the only one that has been terminated, despite the fact that he was able to complete 100% of his tasks.

*Plaintiff's Termination*

53. Despite Plaintiff's stellar work performance, on or about March 17, 2009, at 3 p.m., SCA gave Plaintiff a letter informing him that his last day with SCA would be March 17, 2009.  Plaintiff was forced to leave immediately that day, even though it is SCA policy to require one (1) week's notice for termination.

54. In Plaintiff's termination letter, Plaintiff was told by Shapiro that he had received a recent performance evaluation of "Unsatisfactory", which is one level lower than the "needs improvement" evaluation. However, this evaluation had not been given to Plaintiff and there is no proof that this document actually exists.

55. Defendants violated the Rules by partaking in said behavior with the purpose of discriminatorily harassing Plaintiff due to his national origin and/or his age.

*Plaintiff's Due Process Claim*

56. On or about September 16, 2009, Plaintiff completed his one (1) year of probation as prescribed by the Rules and Plaintiff became a permanent employee.

57. On or about September 22, 2008, SCA sent Plaintiff a letter telling Plaintiff that his probation was being extended until March 17, 2009. According to the Rules, the probationary period for an SCA employee cannot be less than three (3) weeks and cannot be for more than one (1) year. The Rules also state as follows:

> An appointment shall become permanent upon the completion of the period of probation unless the probationer, **prior** to the completion of such service, is given written notice that the probationary term will be continued.

58. After Plaintiff had already finished the probationary period and Plaintiff had already become a permanent employee, he was given notice that his probationary period would extend for six (6) more months; this notice was given to Plaintiff on September 22, 2008, and stated that such probationary period was to begin on September 16, 2008, and last until March 17, 2009.

59. On or about November 17, 2008, Plaintiff received another EPE for the period of March 17, 2008 through June 17, 2008, in which he received an overall rating of "needs improvement." This EPE, written by Narenda Patel, was not reviewed by his supervisor as per SCA Rule; an EPE can be given to an employee only after a review and written approval by Toussi has been given after Narenda Patel had filled out the EPE.

60. Civil Service Law § 75 states, employees who are subject to the provisions of §75 may not be removed or otherwise subjected to disciplinary penalty except for incompetency or misconduct established after a hearing on stated charges.

61. Defendant's placement of Plaintiff on an extra probationary period after he had already achieved full employment status was a violation of his due process rights.

11

62.  Plaintiff's termination without a hearing further violated his due process rights.

## FIRST CLAIM AGAINST DEFENDANTS

### (National Origin Discrimination and Harassment under the NYSHRL)

63.  Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64.  The NYSHRL prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's national origin.

65.  Plaintiff, at all relevant times herein originated from East India and is a member of a protected class.

66.  Defendants SCA and/or DOE discriminated against Plaintiff in violation of the NYSHRL by:

   a.  Falsely accusing Plaintiff of substandard work product;

   b.  Subjecting Plaintiff to a hostile work environment; and/or

   c.  Terminating Plaintiff's employment.

67.  As a result of Defendants' SCA and/or DOE discriminatory conduct, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress, humiliation, and loss of reputation.

68.  SCA and/or the DOE acted intentionally and with malice and reckless indifference to Plaintiff's rights under the NYSHRL are thereby liable to Plaintiff for compensatory damages under the NYSHRL.

69. Toussi and Narenda Patel aided, abetted, incited, controlled and/or coerced the acts against Plaintiff in violation of the NYSHRL.

## SECOND CLAIM AGAINST DEFENDANTS

### (National Origin Discrimination and Harassment under the NYCHRL)

70. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71. The NYCHRL prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's national origin.

72. Plaintiff, at all relevant times herein was an Eastern Indian Immigrant, and is a member of a protected class.

73. Defendants SCA and/or DOE discriminated against Plaintiff in violation of the NYCHRL by:

    a. Falsely accusing Plaintiff of substandard work product;

    b. Subjecting Plaintiff to a hostile work environment; and/or

    c. Terminating Plaintiff's employment.

74. As a result of Defendants SCA and/or DOE discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress, humiliation, and loss of reputation.

75. Defendants SCA and/or DOE acted intentionally and with malice and reckless indifference to Plaintiff's rights under the NYCHRL and are thereby liable to Plaintiff for compensatory damages under the NYCHRL.

76. Toussi and Narenda Patel aided, abetted, incited, controlled and/or coerced the acts against Plaintiff in violation of the NYCHRL.

### THIRD CLAIM AGAINST DEFENDANTS SCA AND DOE

### (National Origin Discrimination and Harassment under Title VII)

77. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as it more fully set forth herein.

78. Title VII prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's national origin.

79. Plaintiff, at all relevant times herein was an Eastern Indian Immigrant, and is a member of a protected class.

80. Defendants discriminated against Plaintiff in violation of Title VII by:

   a. Falsely accusing Plaintiff of substandard work product;

   b. Subjecting Plaintiff to a hostile work environment; and/or

   c. Terminating Plaintiff's employment.

81. As a result of Defendants SCA and/or DOE discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress, humiliation, and loss of reputation.

82. Defendants SCA and/or DOE acted intentionally and with malice and reckless indifference to Plaintiff's rights under Title VII and are thereby liable to Plaintiff for compensatory damages under Title VII.

## FOURTH CLAIM AGAINST DEFENDANTS

### (Age Discrimination and Harassment under the NYSHRL)

83. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as it more fully set forth herein.

84. The NYSHRL prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's age.

85. Plaintiff, at all relevant times herein was 40 years or older, and is such a member of a protected class.

86. Defendants SCA and/or DOE discriminated against Plaintiff in violation of the NYSHRL by:

   a. Falsely accusing Plaintiff of substandard work product;

   b. Subjecting Plaintiff to a hostile work environment; and/or

   c. Terminating Plaintiff's employment.

87. As a result of Defendants SCA and/or DOE discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress, humiliation, and loss of reputation.

88. Defendants SCA and/or DOE acted intentionally and with malice and reckless indifference to Plaintiff's rights under the NYSHRL and are thereby liable to Plaintiff for compensatory damages under the NYSHRL.

89. Toussi and Narenda Patel aided, abetted, incited, controlled and/or coerced the acts against Plaintiff in violation of the NYSHRL.

## FIFTH CLAIM AGAINST DEFENDANTS

### (Age Discrimination and Harassment under the NYCHRL)

90. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as it more fully set forth herein.

91. The NYCHRL prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's age.

92. Plaintiff, at all relevant times herein was 40 years or older, and is such a member of a protected class.

93. Defendants SCA and/or DOE discriminated against Plaintiff in violation of the NYCHRL by:

   a. Falsely accusing Plaintiff of substandard work product;

   b. Subjecting Plaintiff to a hostile work environment; and/or

   c. Terminating Plaintiff's employment.

94. As a result of Defendants SCA and/or DOE discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress, humiliation, and loss of reputation.

95. Defendants SCA and/or DOE acted intentionally and with malice and reckless indifference to Plaintiff's rights under the NYCHRL and are thereby liable to Plaintiff for compensatory damages under the NYCHRL.

96. Defendants SCA and/or DOE acted with malice and with reckless indifference to Plaintiff's protected rights.

97. Toussi and Narenda Patel aided, abetted, incited, controlled and/or coerced the acts against Plaintiff in violation of the NYSHRL.

## SIXTH CLAIM AGAINST DEFENDANTS SCA AND DOE

### (Violation of 42 U.S.C. § 1983 vis-à-vis violations of

### Plaintiff's Fifth and Fourteenth Amendment Due Process Rights)

98. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

99. As a result of Defendants' acts, Plaintiff was deprived of his fundamental liberty and property rights without due process of law under the Fourteenth Amendment.

100. Defendants acted with malice or with reckless indifference toward the Plaintiff's federally protected rights by harassing and discriminating against Plaintiff after he exercised said rights.

101. Acting under color of law, Defendants violated Plaintiff's Constitutional rights, as a permanent employee, by denying him substantive due process by engaging in knowingly and reckless behavior in terminating Plaintiff without giving Plaintiff Due Process under the Rules and/or the New York Civil Service Law §75 as demanded under New York Civil Service Law.

102. As a result of Defendants' aforementioned conduct against Plaintiff, Plaintiff has suffered both economic and non-economic damages including mental anguish and emotional distress.

**SEVENTH CLAIM AGAINST DEFENDANTS PATEL AND TOUSSI**

**(Intentional Infliction of Emotional Distress)**

103. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

104. Defendants, by the actions described herein exhibited extreme and outrageous conduct.

105. In undertaking the aforementioned actions, Defendants intended to cause Plaintiff severe emotional distress.

106. The aforementioned conduct has caused Plaintiff severe emotional distress and mental anguish.

107. As a proximate cause of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendants' as follows:

108. Preliminary and permanent injunctions against Defendant and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

109. A judgment declaring that the practices complained of herein are unlawful and the acts of Defendants are in violation of Title VII, , the NYSHRL, and the NYCHRL.

110. Granting an order for Plaintiff demanding Defendant reinstate Plaintiff to his position of Engineer B as is required due to his permanent employment status;

111. All damages which Plaintiff has sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation

and job benefits he would have received but for Defendants' discriminatory

practices, and for emotional distress, humiliation, embarrassment, and anguish;

112. Front pay to Plaintiff until such time as he can be placed in the same position he

would have occupied but for Defendants' discriminatory practices;

113. Exemplary and punitive damages in an amount commensurate with Defendant's

ability and so as to deter future malicious, reckless and/or intentional conduct;

114. Awarding Plaintiff his costs and disbursements incurred in connection with this

action, including reasonable attorneys' fees, expert witness fees and other costs;

115. Pre-judgment and post-judgment interest, as provided by law; and

116. Granting Plaintiff other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

a trial by jury in this action.

Dated: Carle Place, New York
        May 14, 20010

Respectfully Submitted,

The Law Office of
BORRELLI & ASSOCIATES, P.L.L.C.

By: _____
    MICHAEL J. BORRELLI (MB 8533)
    *Attorneys for Plaintiff*
    One Old Country Road, Suite 347
    Carle Place, NY 11514
    Tel. (516) 248-5550
    Fax. (516) 248-6027